IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Robbie Wayne Peterson, | ) | C/A No. 0:18-997-TMC-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Major Steven Anderson; Sergeant George Moss; Officer David Philbeck; Joseph Camp; Cherokee County, | ) | |
| Defendants. | ) | |

Plaintiff Robbie Wayne Peterson, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for appointment of counsel. (ECF No. 24.)

There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel. Id. Based on the pleadings before the court, the plaintiff writes well

PJG

and appears capable of addressing the legal issues.  Accordingly, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 22, 2018
Columbia, South Carolina